IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCUS CARDER, ) | |
|     Petitioner, ) | Civil Action No. 14-139 Erie |
| ) | |
| v. ) | District Judge J. Frederick Motz |
| ) | Magistrate Judge Susan Paradise Baxter |
| SCI FOREST SUPERINTENDENT, et al., ) | |
|     Respondents. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

The petitioner, Marcus Carder, is a state prisoner who is in custody pursuant to a judgment of sentence imposed by the Court of Common Pleas of Erie County in 2007 at Criminal Docket No. 3014 of 2006. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenges that judgment of sentence. The Court may dismiss the petition prior to service if it plainly appears that Carder is not entitled to habeas relief. 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases In the U.S. District Courts. That is the case here because the petition is second or successive and Carder has not received from the U.S. Court of Appeals for the Third Circuit an order authorizing this Court to consider it, as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, it is respectfully recommended that the petition be summarily dismissed for lack of jurisdiction and that a certificate of appealability be denied.

**II.     REPORT**

    **A.     Discussion**

On January 30, 2007, the Court of Common Pleas of Erie County sentenced Carder to a maximum term of 10 years of incarceration at Criminal Docket No. 3014 of 2006.

1

In December of 2009, Carder filed with this Court a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenged the state judgment of sentence imposed upon him by Court of Common Pleas of Erie County at Criminal Docket No. 3014 of 2006. That habeas case was docketed as Carder v. Superintendent Lawler, et al., No. 1:09-cv-313 (W.D. Pa.). The Court subsequently dismissed it as untimely under the applicable statute of limitations, which is set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d).

AEDPA also mandates that before a state prisoner may file a second or successive habeas corpus petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). See, e.g., Magwood v. Patterson, 561 U.S. 320 (2010). See also United States v. Winkelman, 746 F.3d 134, 135 (3d Cir. 2014); In re Pendleton, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. § 2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. See, e.g., Burton v. Stewart, 549 U.S. 147 (2007).

On or around May 12, 2014, Carder filed with this Court the instant habeas petition pursuant to 28 U.S.C. § 2254. [ECF No. 2]. In it, he once again challenges the state judgment of sentence imposed upon him by the Court of Common Pleas of Erie County at Criminal Docket No. 3014 of 2006. Because he has not received from the U.S. Court of Appeals for the Third Circuit permission to file a second or successive petition, this Court must dismiss the petition for lack of jurisdiction. See, e.g., Burton, 549 U.S. at 152-54.

2

B.   **Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In <u>Slack v. McDaniel</u>, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying that standard here, jurists of reason would not find it debatable whether the instant petition is a second or successive petition. Accordingly, a certificate of appealability should be denied.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be summarily dismissed for lack of jurisdiction and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Workman is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

<u>/s/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  May 22, 2014

cc:  J. Frederick Motz
     United States District Judge

Notice by first class mail to:

    Marcus Carder
    GY-3809
    Erie County Prison
    1618 Ash Street
    Erie, PA 16504

    SCI Forest Superintendent
    286 Woodland Drive
    PO Box 307
    Marienville, PA 16239-0307

    Kathleen G. Kane
    Pennsylvania Office of Attorney General
    16th Floor, Strawberry Square
    Harrisburg, PA 17120

    Jack Daneri
    Erie County District Attorney's Office
    Erie County Courthouse
    140 West Sixth Street
    Erie, PA 16501